COPY
Original Filed

JAN 2 9 2021

Timothy W. Fitzgerald
Spokane County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| SHAWN D. CRANFORD, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. |
| | ) **21200247-32** |
| SPOKANE COUNTY, a political subdivision | ) |
| of the State of Washington; SPOKANE | ) SUMMONS |
| COUNTY DETENTION SERVICES; CO | ) |
| RILEY; CO THOMAS; CO NEJERA; JOHN | ) |
| DOES 1-10; STATE OF WASHINGTON; | ) |
| WASHINGTON STATE PATROL; and | ) |
| TROOPER CHRISTOPHER BRUNER; | ) |
| | ) |
| Defendants. | ) |
| | ) |

TO THE DEFENDANTS:    SPOKANE COUNTY, a political subdivision of the State of Washington; SPOKANE COUNTY DETENTION SERVICES; CO RILEY; CO THOMAS; CO NEJERA; JOHN DOES 1-10; STATE OF WASHINGTON; WASHINGTON STATE PATROL; and TROOPER CHRISTOPHER BRUNER;

A lawsuit has been started against you in the above-entitled Court by Shawn D. Cranford, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

SUMMONS - 1

COPY

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

1    In order to defend against this lawsuit, you must respond to the complaint by

2  stating your defense in writing, and by serving a copy upon the person signing this

3  summons within twenty (20) days after the service of this summons, excluding the

4  day of service if served within the State of Washington, or within sixty (60) days if

5  served outside of the State of Washington, excluding the day of service, or a default

6  judgment may be entered against you without notice. A default judgment is one

7  where plaintiff is entitled to what he asks for because you have not responded. If you

8  serve a notice of appearance on the undersigned person, you are entitled to notice

9  before a default judgment may be entered.

10    You may demand that the plaintiff file this lawsuit with the court. If you do so,

11 the demand must be in writing and must be served upon the person signing this

12 summons. Within fourteen (14) days after you serve the demand, the plaintiff must

13 file this lawsuit with the court, or the service on you of this summons and complaint

14 will be void.

15    If you wish to seek the advice of an attorney in this matter, you should do so

16

17 promptly so that your written response, if any, may be served on time.

18    This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of

19 the State of Washington.

20    DATED this 27th day of January, 2021.

21
                                        HESTER LAW GROUP, INC., P.S.
22                                      Attorneys for Plaintiff

23

24                             By: _____
                                        Brett A. Purtzer
25                                      WSB #17283

SUMMONS - 2

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

COPY

Original Filed

JAN 2 9 2021

Timothy W. Fitzgerald
Spokane County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

SHAWN D. CRANFORD,                          )
                                            )
                Plaintiff,                  )
                                            )     NO.
        vs.                                 )     **21200247-32**
                                            )
SPOKANE COUNTY, a political subdivision     )
of the State of Washington; SPOKANE         )     COMPLAINT FOR DAMAGES
COUNTY DETENTION SERVICES; CO               )
RILEY; CO THOMAS; CO NEJERA; JOHN           )
DOES 1-10; STATE OF WASHINGTON;             )
WASHINGTON STATE PATROL; and                )
TROOPER CHRISTOPHER BRUNER;                 )
                                            )
                Defendants.                 )
_____)

        COMES NOW the plaintiff Shawn D. Cranford by and through his

attorney Brett A. Purtzer of the Hester Law Group, Inc., P.S., and for a cause of

action, states as follows:

## I. PARTIES AND JURISDICTION

        1.1     That at all times relevant hereto, plaintiff has been a resident

of Spokane Valley, Spokane County, Washington.

        1.2     All acts complained of occurred in Spokane County,

Washington.

COMPLAINT FOR DAMAGES - 1

COPY

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

1.3    The defendant  Spokane County is a political subdivision of the State of Washington authorized to do business in the State of Washington. At all relevant times it employed detention corrections officers and other employees within Spokane County Detention Services including defendants CO Riley, CO Thomas, CO Nejera and John Does 1-10.

1.4    The defendant Spokane County Detention Services is an agency of Spokane County.  At all relevant times it employed detention corrections officers within Spokane County Detention Services including defendants CO Riley, CO Thomas, CO Nejera and John Does 1-10.

1.5    Defendant CO Riley is and at all times relevant has been a detention corrections officer or other employee employed by Spokane County and/or Spokane County Detention Services.  All acts complained of against defendant CO Riley were performed in his individual capacity, and in his capacity as a detention corrections officer or other employee within Spokane County and/or Spokane County Detention Services.

1.6    Defendant CO Thomas is and at all times relevant has been a detention corrections officer or other employee employed by Spokane County and/or Spokane County Detention Services.  All acts complained of against defendant CO Thomas were performed in his individual capacity, and in his capacity as a detention corrections officer or other employee within Spokane County and/or Spokane County Detention Services.

1.7    Defendant CO Nejera is and at all times relevant has been a detention corrections officer or other employee employed by Spokane County and/or Spokane County Detention Services.  All acts complained of against defendant CO Nejera were performed in his individual capacity, and in his capacity as a detention corrections officer or other employee within Spokane County and/or Spokane County Detention Services.

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

1      1.8    Defendants John Does 1-10 are and at all times relevant

2  have been detention corrections officers or other employees employed by

3  Spokane County and/or Spokane County Detention Services.  All acts

4  complained of against defendants John Does 1-10 were performed in

5  his/her/their individual capacity, and in his/her/their capacity as detention

6  corrections officer or other employees within Spokane County and/or Spokane

7  County Detention Services.

8      1.9    Defendant State of Washington, through its agencies such

9  as the Washington State Patrol, is responsible for law enforcement on interstate

10  and state highways in the State of Washington.  At all times it employed troopers

11  within the Washington State Patrol including defendant Christopher Bruner.

      1.10   Defendant Washington State Patrol is an agency of the State

12  of Washington. At all times it employed troopers within the Washington State

13  Patrol including defendant Christopher Bruner.

14      1.11   Defendant Christopher Bruner is, and at all times relevant

15  has been, a trooper employed by defendants State of Washington and/or

16  Washington State Patrol.  All acts complained of against defendant Christopher

17  Bruner were performed in his individual capacity, and in his capacity as a trooper

18  for defendants State of Washington and/or Washington State Patrol.

19      1.12   The Court has jurisdiction over the subject matter and the

20  parties hereto.

21      1.13   Venue is properly placed in Spokane County, Washington

22  since it is the county in which the cause of action arose pursuant to RCW

23  4.92.010(1).

24  ## II. COMPLIANCE WITH RCW 4.96.020 AND 4.92.100

25      2.1    That the plaintiff has complied with all requirements of RCW

4.96.020 by serving a Spokane County Claim For Damages Form on Spokane

COMPLAINT FOR DAMAGES - 3

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

1   County on November 25, 2020.  More than sixty days have elapsed between the

2   service of the claim for damages form and the filing of the complaint commencing

3   this case.

4         2.2    That the plaintiff has complied with all requirements of RCW

5   4.92.100 by serving a Washington State Tort Claim Form on the State of

6   Washington on November 24, 2020.  More than sixty days have elapsed

7   between the service of the Tort Claim Form and the filing of the complaint

8   commencing this case.

### III.  FACTUAL ALLEGATIONS

9

10        3.1    On December 2, 2018 plaintiff was pulled over for driving the

11  wrong way on a one-way street by Officer William Workman with the Spokane

    Police Department.

12        3.2    Defendant Bruner took over for Officer Workman and spoke

13  with plaintiff at the scene.  He administered field sobriety tests. Plaintiff informed

14  defendant Bruner that he wanted to speak with his attorney.  Plaintiff was not

15  permitted to speak with his attorney, was handcuffed and put in the Trooper's

16  patrol car and arrested for DUI.  Defendant Bruner started to read plaintiff his

17  Miranda warnings but did not finish the warnings.

18        3.3    Defendant Bruner drove plaintiff into downtown Spokane and

19  put him in a room off the garage of the Public Safety Building.  Plaintiff continued

20  to ask for his attorney. He was never asked to do a breathalyzer or blood test by

21  defendant Bruner or anyone else. He was put back in the patrol car and driven

22  through a tunnel and to another door and taken to the booking area.

23        3.4    There were a lot of officers in the booking area identified

24  above as defendants John Does 1-10, defendant CO Riley and/or defendant

25  Christopher Bruner.  Plaintiff was smashed into the wall by defendant

    Christopher Bruner, defendant CO Riley or by John Does 1-10. Plaintiff was

COMPLAINT FOR DAMAGES - 4

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

1    slammed into the wall again, his face was pushed into the ground and his arms

2    were pulled up above and behind him by defendants Christopher Bruner, CO

3    Riley and/or John Does 1-10. Plaintiff was walked down the hall with his face

4    practically dragging on the ground and his arms pulled up behind him.

5           3.5    Plaintiff was taken to another room and put on his knees.

6    Defendants Christopher Bruner, CO Riley and/or John Does 1-10 jumped him,

7    yanked his feet from under his knees, pounded on him and kneed him in the

8    face.

9           3.6    Plaintiff's shoes and pants were taken, the handcuffs were

10    removed and plaintiff was left alone in the room. He kept yelling, "I can't breathe"

11    and that he needed help. He was left alone in the cell and was not provided

12    assistance for approximately eleven hours.

13           3.7    When plaintiff was finally helped by a female nurse he was

14    taken out of the cell and checked for injuries. He was then taken to the hospital

15    by defendants Detention Corrections Officers, Thomas and Nejera.

16           3.8    When asked what happened by hospital staff either

17    defendant Thomas and defendant Nejera told staff that plaintiff came in drunk

18    and fell, and kept interrupting plaintiff when plaintiff tried to tell the hospital staff

19    what really happened. Plaintiff told the hospital staff that what defendants

20    Thomas and Nejera were saying was not true.

21           3.9    Plaintiff was taken back to the Spokane County Detention

22    Center and was not released until the evening of December 4, 2018.

23           3.10   As a result of the DUI arrest, plaintiff lost both his personal

24    license and his CDL, which caused him to lose his job in June 2020. He has not

25    worked since.

       3.11   In early January, 2019, a request was made to Spokane

County Detention Services by plaintiff's attorney for a "copy of any and all

COMPLAINT FOR DAMAGES - 5

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

1    photographs and audio/video records of Mr. Cranford while he was in custody at

2    the Spokane County Jail". On January 14, 2019, a letter was received from

3    Donna Sawtelle at Spokane County Detention Services indicating a signed

4    waiver from Mr. Cranford or a court order was required before they could release

5    records and that they considered the request "closed".

6          3.12   On January 18, 2019, a letter was sent by plaintiff's attorney

7    disputing that a waiver was required and requesting that the records either be

8    provided or preserved until a release could be obtained. This should have been

    considered an "appeal".

9          3.13   On January 30, 2019, medical and general releases were

10   provided to Records, Spokane County Detention Services again requesting a

11   copy of the requested materials.

12         3.14   On February 5, 2019, a letter was received from Donna

13   Sawtelle at Spokane County Detention Services indicating that "we no longer

14   have these recordings. By way of further explanation, per Washington State

15   Records Retention Schedule (DAN #LE15-01-64 Rev1) and "these recordings

16   were destroyed."

17         3.15   However, pursuant to the Washington State Records

18   Retention Schedule #LE15-01-63 Rev1, the records should not have been

19   destroyed until the appeals process was exhausted.

20         3.16   The failure to maintain all records and destruction of such

21   records constitutes spoliation of evidence.

22   **IV. TORTIOUS CONDUCT AND PROXIMATE CAUSE**

23         4.1   Plaintiff realleges and incorporates by reference paragraphs

     1.1 through 3.16.

24

25

COMPLAINT FOR DAMAGES - 6

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

1    4.2    That defendants' actions, through its employees, caused

2    plaintiff great alarm, surprise, and emotional distress and caused plaintiff to

3    sustain injuries to his person.

4    4.3    As a direct and proximate result of defendants' conduct,

5    plaintiff sustained and experienced, and continues to experience, humiliation,

6    emotional distress and pain and suffering, medical expenses, lost wages and

7    loss of earning capacity in an amount to be proven at trial, and did incur

8    expenses, including legal fees, in connection with this matter.

9    4.4    The hereinabove described actions and omissions, engaged

10    in under color of state law by the defendants, deprived plaintiff of rights secured

11    to him by the Constitution of the United States, including, but not limited to,

12    plaintiff's Fourth Amendment right to be free from an unlawful seizure of his

13    person and his Fifth and Fourteenth Amendment rights to privacy and due

    process of law, in violation of 42 U.S.C. §1983.

14    4.5    The hereinabove described actions and omissions also

15    constitute intentional and negligent infliction of emotional distress under the laws

16    of the State of Washington.

17    4.6    The hereinabove described actions and omissions also

18    constitute the torts of false or illegal arrest, assault, negligence and personal

19    injury.

20    4.7    That these physical, mental and emotional injuries were

21    proximately caused by defendants' negligent conduct.

22    4.8    That as a direct and proximate result of defendants'

23    negligent acts, plaintiff has suffered general and special damages in an amount

24    to be proven at time of trial.

25    4.9    Plaintiff has suffered damage and injury, which are

    continuous and on-going, which have been proximately caused by defendants'

COMPLAINT FOR DAMAGES - 7

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

1    conduct complained of above, including, but not limited to psychological damage

2    and personal injury.

## V.  CAUSES OF ACTION

4    Plaintiff realleges each of the preceding paragraphs as though fully

5    set forth in the following causes of action:

6    5.1    42 U.S.C. §1983.  By the actions of all defendants, plaintiff

7    has been deprived of federally protected rights including his constitutional rights

8    under the Fourth, Fifth and Fourteenth Amendments to the United States

9    Constitution, under color of state law, in violation of 42 U.S. C. §1983.

10    5.2    Intentional and Negligent Infliction of Emotional Distress.
The aforesaid acts of defendants, and each of them, constitute the torts of

11    intentional and negligent infliction of emotional distress against plaintiff.

12    5.3    Assault and Battery.  The aforesaid acts of defendants

13    constitute the tort of assault and battery upon plaintiff.

14    5.4    False or Illegal Arrest.  The aforesaid acts of defendants

15    constitute the tort of false or illegal arrest against plaintiff.

16    5.5    Negligence.  The aforesaid acts of defendants constitute the

17    tort of negligence against plaintiff.

18    WHEREFORE, plaintiff prays for the following relief, jointly and

19    severally, against all defendants:

20    1.    Award plaintiff actual, special, general and  compensatory

21    damages in an amount to be determined at trial;

22    2.    Award plaintiff punitive damages against defendants Bruner,

23    CO Riley, CO Thomas, CO Najera and John Does 1-10 in their individual

24    capacities, in an amount to be determined at trial;

25    3.    Award plaintiff his costs and attorney fees pursuant to 42

U.S.C. §1983; and,

COMPLAINT FOR DAMAGES - 8

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

1        4.    Award such other and further relief as may be deemed just

2    and equitable.

        DATED this 27th day of January, 2021.

3

4                          HESTER LAW GROUP, INC., P.S.
                      Attorneys for Plaintiff

5

6

7                          By: _____

8                                Brett A. Purtzer
                            WSB# 17283

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES - 9