**HONORABLE CHIEF JUDGE STANLEY A BASTIAN**

LAWRENCE H. HASKELL
 Prosecuting Attorney
ROBERT B. BINGER
 Sr. Deputy Prosecuting Attorney
Spokane County Prosecuting Attorney's Office
W. 1115 Broadway, 2nd Floor
Spokane, Washington 99260
(509) 477-5764
Attorney for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN D. CRANFORD, | No. 21-CV-00099-SAB |
| Plaintiff, | |
| v. | |
| SPOKANE COUNTY, et al. | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMES NOW, LAWRENCE H. HASKELL Prosecuting Attorney in and for Spokane County, by and through Deputy Prosecuting Attorney Robert B. Binger, representing Defendant Spokane County, Spokane County Detention Services, CO Riley, CO Thomas, and CO Nejera (hereinafter referred to as "Defendant"), and in response to the allegations contained in the Plaintiff's Complaint admits, denies, explains, and alleges as follows:

### I. PARTIES AND JURISDICTION

1.1     Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground deny the same.

1.2     Defendant admits the same.

1.3     Defendant admits the same except as to John Does 1-10.

1.4     Defendant admits the same except as to John Does 1-10.

1.5     Defendant admits the same.

1.6     Defendant denies the first sentence and admits the remainder.

1.7     Defendant admits the same.

1.8     Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground deny the same.

1.9     Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground deny the same.

1.10    Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground deny the same.

1.11    Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground deny the same.

1.12    Defendant admits the same.

1.13    Defendant admits that venue in the United States District Court, Eastern District of Washington is proper.

### II. COMPLIANCE WITH RCW 4.96.020 AND 4.92.100

2.1     Defendant admits the same.

2.2     Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground deny the same.

### III.  FACTUAL ALLEGATIONS

3.1     Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground deny the same.

3.2     Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground deny the same.

3.3     Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground deny the same.

3.4     Defendant admits CO Riley was in the booking area and deny the remainder.

3.5     Defendant admits the first sentence and denies the same.

3.6     Defendant denies the same.

3.7     Defendant admits Plaintiff was seen by a nurse and taken to the hospital by Thomas and Nejera and denies the remainder.

3.8     Defendant denies the same.

3.9     Defendant admits Plaintiff was taken back to Spokane County Detention Services and denies the remainder.

3.10    Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

3.11    Defendant admits receiving correspondence on January 14, 2019 from Plaintiff's attorney and sending correspondence on the same date to Plaintiff's attorney. Both correspondences speak for themselves.

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES – Page 3 of 8**

3.12     Defendant admits receiving correspondence dated January 18, 2019 on January 22, 2019 which correspondence speaks for itself and denies the remainder.

3.13     Defendant admits receiving the correspondence dated January 30, 2019 on February 5, 2019 which correspondence speaks for itself.

3.14     Defendant admit correspondence was sent by Donna Sawtelle to plaintiff's attorney which correspondence speaks for itself.

3.15     Defendant denies the same.

3.16     Defendant denies the same.

## IV. TOTRIOUS CONDUCT AND PROXIMATE CAUSE

4.1     Defendant realleges each and every previous answers as if fully set forth herein.

4.2     Defendant denies the same.

4.3     Defendant denies the same.

4.4     The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

4.5     The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

4.6     The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

4.7     The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

4.8     The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES – Page 4 of 8**

4.9    The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

## V. CAUSES OF ACTION

Defendant realleges each and every previous answers as if fully set forth herein.

5.1    The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

5.2    The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

5.3    The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

5.4    The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

5.5    The allegation calls for a conclusion of law and therefore no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegation.

## VI. PRAYER FOR RELIEF

The remainder of Plaintiff's allegations are a prayer for relief and therefore no answer is required.  To the extent an answer is deemed necessary, the Defendant denies the allegation.

## VII. AFFIRMATIVE DEFENSES

Defendant having previously answered Plaintiff's Complaint, set forth the following by way of Affirmative Defenses:

7.1    If Plaintiff was damaged as alleged, all damages are the proximate result of Plaintiff's own act or omissions;

  7.2 If Plaintiff suffered any damages, recovery therefor is barred by Plaintiff's failure to mitigate said damages;

  7.3 That the injuries and/or damages being claimed were proximately caused by the fault of a party for whom this Defendant is not responsible;

  7.4 That some or all of the injuries and damages, if any, claimed by Plaintiff were proximately caused or contributed to by the fault of Plaintiff;

  7.5 That some or all of Plaintiff's causes of action are barred by the doctrine of res judicata, collateral estoppel, judicial estoppel and/or equitable estoppel;

  7.6 That Plaintiff's claims against the Defendant must be dismissed on the basis of immunity and/or qualified immunity;

  7.7 That some or all of Plaintiff's causes of action are barred due to the impairment of Plaintiff;

  7.8 Plaintiff's alleged constitutional deprivation was not caused by any custom or policy;

  7.9 The Spokane County Detention Services is not a sueable entity.

  7.10 That Defendant's actions were reasonable at all times hereto and were undertaken in good faith and without any requisite culpable intent for committing a violation of any of Plaintiff's clearly established constitutional rights;

  7.11 The force used towards Plaintiff was applied in a good faith effort to maintain or restore order, discipline and institution security;

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES – Page 6 of 8**

7.12    The force used toward Plaintiff was necessary because of Plaintiff's continuing combative nature and struggling;

7.13    Statute of Limitations has expired on Assault and Battery, False or Illegal Arrest, and Public Records violation; and

7.14    Defendant reserves the right to amend their Answer to include such other and further affirmative defenses that may be more fully developed as this case and discovery progresses.

**WHEREFORE**, Defendant having previously provided his answer to Plaintiff's factual allegations and having set forth their affirmative defenses, request the following relief:

1.    That Plaintiff's Complaint be dismissed with prejudice and Plaintiff taking nothing thereby; and

2.    For such further and other relief that the Court deems just and equitable in the premises.

DATED this 25th day of March, 2021

LAWRENCE H. HASKELL
Prosecuting Attorney

__s/Robert B. Binger_____
Robert B. Binger, WSBA# 10774
Attorney for Defendants
Spokane County Prosecuting Atty's Office
W. 1115 Broadway Avenue
Spokane, WA  99260
Telephone:  (509) 477-5764
Fax: (509) 477-3672
Email: rbinger@spokanecounty.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

    s/Robert B. Binger\
Robert B. Binger, WSBA# 10774\
Attorney for Defendants\
Spokane County Prosecuting Atty's Office\
W. 1115 Broadway Avenue\
Spokane, WA  99260\
Telephone:  (509) 477-5764\
Fax: (509) 477-3672\
Email:  rbinger@spokanecounty.org